UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 09CR3761-JMA |
| Plaintiff, ) | **ORDER AFFIRMING MAGISTRATE JUDGE'S SENTENCE** |
| v. ) | |
| YOHANNA MERRY GUTIERREZ, ) | |
| Defendant. ) | |

     Defendant Yohanna Merry Gutierrez appeals from the 12-month sentence imposed by Magistrate Judge Adler following her admission to a violation of her conditions of supervised release. This Court has jurisdiction pursuant to 18 U.S.C. §§ 3402 and 3742(h).

     Defendant contends that the magistrate judge procedurally erred by failing to properly calculate the sentencing guidelines on the record. The Court has reviewed the record of the sentencing proceedings and finds no error with respect to the calculation of the applicable guideline sentencing range. The magistrate judge clearly adopted the calculations set forth in the petition to revoke Defendant's probation by concluding that the guideline range was 12 to 18 months, with a statutory cap of 12 months. Furthermore, there was no objection to this guideline determination, nor to the petition's classification of the state court offense as a Grade A

violation. Thus, the Probation Department's violation sentencing summary provided an adequate basis to support the magistrate judge's calculation. *See e.g., United States v. Romero-Rendon*, 220 F.3d 1159, 1161 (9th Cir. 2000) (sentencing court may rely upon an uncontested presentence report to establish relevant facts at sentencing).

Defendant further contends that the magistrate judge procedurally erred during sentencing by failing to consider the guideline range at the time of the original offense. However, because the magistrate judge considered the sentencing range suggested by the guidelines policy statements regarding probation revocation, he was not required to consider the sentencing range applicable when Defendant was originally sentenced. When determining a sentence for a probation violation, the court may consider either the sentencing guidelines applicable to the underlying offense or the policy statements applicable to the probation violation. *United States v. Olabanji*, 268 F.3d 636, 638 (9th Cir. 2001). There is no requirement that both must be considered.

Finally, Defendant contends that the sentence imposed was substantively unreasonable because the magistrate judge failed to adequately take into consideration mitigating factors. The transcript of proceedings reveals that the magistrate judge did consider the nature and circumstances of the offense and took into consideration Defendant's medical disorder. However, the magistrate judge also noted Defendant's failed attempts to comply with the conditions of her probation and the need for the structure, supervision, counseling and treatment that a 12-month period of custody would provide. The sentence is not unreasonable in light of the totality of circumstances and the factors set forth in 18 U.S.C. § 3553(a).

For these reasons, the sentence of the magistrate judge is **AFFIRMED**. The Government's request for Judicial Notice (Doc. No. 44) is **DENIED.**

**IT IS SO ORDERED**.

DATED: March 15, 2011

_____
Honorable Janis L. Sammartino
United States District Judge